UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ANTHONY NZEGWU,

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 29 2010 ★

**BROOKLYN OFFICE**

        Plaintiff,                **COMPLAINT**

      -against-

UNITED STATES OF AMERICA / THE UNITED STATES
SECRET SERVICE, SECRET SERVICE AGENT ERIC
FRIEDMAN in his official capacity and individually, CITY OF
NEW YORK, NEW YORK CITY POLICE DEPARTMENT
POLICE OFFICERS "JOHN DOES" #1 through
10, is meant to be police officers employed by the New York City
Police Department, whose names and badge numbers are
Unknown, in their individual and official capacities,

**10      2994**

AMON. J.

**LEVY. M.J**

**JURY TRIAL**
**DEMANDED**

                Defendants.
-------------------------------------------------------------------------x

        Plaintiff, through his attorney, **MUSTAPHA NDANUSA, ESQ.**, as and for his complaint

against the defendants herein allege:

**NATURE OF THE ACTION**

        1.     Plaintiff is a resident of the Borough of Brooklyn, County of Kings, City and State

of New York.

        2.     Upon information and belief, at all times hereinafter mentioned, defendant **U.S.**

**SECRET SERVICE**,(hereinafter the "**SERVICE**") is an agency and/or division of the U.S.

Department of Homeland Security, organized and existing under the laws of the United States of

America, empowered to protect the United States from all manner of attack and infiltration,

including but not limited to, financial attacks upon the banking system of the United States of

America.

3.      At all times hereinafter mentioned, defendant, **SERVICE**, employed persons as special agents and said persons were so employed as special agents by and through the defendant **SERVICE**.

4.      Upon information and belief, at all times hereinafter mentioned, defendant **ERIC FRIEDMAN** (hereinafter "FRIEDMAN"), was and still is a special agent employed by defendant **SERVICE** and, at all times relevant to this action, was acting under color of federal law in his capacity as an agent, servant and/or employee of the defendant **SERVICE**. Said agent is, upon information and belief, an adult U.S. citizen and resident of the State of New York and is being sued in both his individual and official capacity.

5.      At all times hereinafter mentioned, defendant, **CITY OF NEW YORK** (hereinafter "**CITY**"), was and still is a municipal corporation existing under and by virtue of the laws of the State of New York.

6.      At all times hereinafter mentioned, defendant **NEW YORK CITY POLICE DEPARTMENT** (hereinafter "**NYPD**") is a political subdivision of the defendant **CITY**.

7.      At all times hereinafter mentioned, defendant, **CITY**, employed persons as police officers and said persons were so employed as police officers by and through the defendant **NYPD**.

8.      Defendants **CITY** and **NYPD** were responsible for the training and supervision of police personnel and were also responsible for enforcing the regulations and policies of the New York City Police Department and for ensuring that New York City Police Department employees obey, employ and implement regulations and policies.

9.      At all times hereinafter mentioned, defendants, their agents, assistants and employees acted pursuant to the policies, regulations or decisions officially adopted or

promulgated by agents of defendants, whose acts may fairly be said to represent official policy or governmental custom of the defendants **SERVICE, CITY** and **NYPD.**

10.     On or about the 30th day of November 2009, within ninety days after the claim alleged herein arose, a notice of claim, in writing, sworn to by the claimant, was served upon the defendants **CITY** and **NYPD** by personal delivery of the notice in duplicate, to the clerk designated by defendants to accept service.

11.     The notice of claim set forth the name and post office address of the claimant, and of the claimant's attorney, the nature of the claim, the time when, the place where and the manner in which said claims arose, and the injuries and damages sustained herein as far as then practicable.

12.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment thereof has been neglected or refused.

13.     On or about the 11th day of January 2010 a letter of notification was mailed to defendant **SERVICE** advising said defendant of the claim and on 15th day of April 2010, a Standard Form 95 ("SF 95") was served upon the defendants **SERVICE** by mail delivery of the SF 95 to the address indicated thereon.  More than sixty (60) days have elapsed since service of the SF 95 and adjustment or payment thereof has been neglected or refused.

14.     This action was commenced within one year and ninety days after the happening of the event upon which the claim is based.

15.     Specifically, the Plaintiff alleges that, on or about May 14, 2009, while plaintiff was at home in his apartment, in the Borough of Brooklyn, County of Kings, City and State of New York, the defendants **SERVICE** and **FRIEDMAN**, along with defendants **CITY** and

3

**NYPD,** by their agents, employees and/or assigns knocked on plaintiff's door and, once plaintiff stepped into the hall in front of his apartment door these defendants, without just cause or provocation , assaulted plaintiff, caused plaintiff's false arrest, unlawful detention, and malicious prosecution and violation of civil rights.

16.     This action is brought for damages to remedy the violations of plaintiff's Constitutional Rights under the United States Constitution, under color of state law, specifically the 4th, 5th, 8th, and 14th Amendments and for false imprisonment and false arrest.

17.     Declaratory relief, damages and other legal and equitable relief are sought pursuant to 42 U.S.C. §§ 1983 and 1988.

## JURISDICTION AND VENUE

18.     This is a civil Rights Action seeking damages for the defendants' violations of plaintiff's rights, privileges, and immunities under the United States Constitution, as amended and the Civil Rights Act of 1871,  42 U.S.C. § 1983 and 1988, Article 1 Section 12 of the New York Constitution, and New York State Common Law.  Plaintiff further invokes the pendent jurisdiction of this Court in accordance with 28 U.S.C. Sections 1331, 1343 (a)(3) and (4), and 1367(a).  As the unlawful acts complained of herein occurred in the Borough of Brooklyn, County of Kings, City and State of New York which is within the Eastern District of New York, venue is properly within this District pursuant to 28 U.S.C. § 1391 (b) and (c)..

19.     Jurisdiction of this Court is proper under 42 U.S.C. § 1983 and 28 U.S.C. § 1346(b)(1).

20.     Plaintiff has fully complied with the administrative prerequisites to the filing of

4

this action under state law.  On 30th day of November 2009 Plaintiff filed a notice of claim with

defendants **CITY** and **NYPD** and on the 11th day of January 2010 a letter of notification was

mailed to defendant **SERVICE** advising said defendant of the claim and on 15th day of April

2010, a Standard Form 95 ("SF 95") was served upon the defendants **SERVICE** by mail delivery

of the SF 95 to the address indicated thereon as directed by the service.  On or about June 3,

2010, a statutory 50-h hearing was held pursuant General Municipal Law § 50(e) wherein the

defendants examined the plaintiff with regard to the claims of this action.  Defendants have

refused to adjust or settle this action.

## FACTS

21.     On or about May 14, 2009, at approximately 9:15 a.m. Plaintiff **ANTHONY**

**NZEGWU** was in his apartment located at 1444 Park Place, Apt. E5, County of Kings, Borough

of Brooklyn, City and State of New York.

22.     That at said place and time defendants **FRIEDMAN,** along with other agents

employed by defendant **SERVICE** along with defendants **CITY** and **NYPD** knocked on the door

at Plaintiff's apartment.

23.     That at said time and place, when Plaintiff responded to the knock on his door, he

was confronted by defendant **FRIEDMAN** and police officers employed by defendant **NYPD**

whereupon Plaintiff was asked to come into the hall.

24.     That at said place and time these defendants acting as servant, agents and/or

assigns of defendants **SERVICE** and **NYPD**, and within the scope of their employment and

without just cause or provocation, arrested the plaintiff and took him to a precinct in Queens

County where he was handcuffed to a wall for several hours.

25.     Plaintiff was interrogated extensively about matters which plaintiff had no knowledge. Plaintiff was then charged with the crimes of Grand Larceny in the first degree (Class C Felony); Grand Larceny in the third degree (Class D Felony); Identity Theft in the first degree (Class D Felony); Falsifying Business Records in the first degree (Class E Felony) and; Criminal Possession of a Forged Instrument in the second degree (Class D Felony) related to illegal bank money transfers. Plaintiff denied any involvement in the alleged crimes.

26.     Thereafter, Plaintiff was transported to Central Booking where he was fingerprinted and photographed and held for two days before he appeared before a judge where bail was set at an amount which plaintiff was unable to make.

27.     As a result plaintiff was remanded and taken to a prison barge.

28.     Plaintiff remained on the prison barge for approximately two and one half months when he was transported to Riker's Island, Elmhurst, New York.

29.     By letter dated July 29, 2009, Plaintiff's counsel in the underlying criminal matter directed Defendant City's attention to the fact that the same accusatory instrument (the complaint) which formed the basis of Plaintiff's arrest also contained information that, through a simple check, showed how Plaintiff could not have committed the crimes for which he was charged. A copy of the July 29, 2009 letter directing Defendant's City's attention to the aforementioned matter is attached here as **Exhibit A.**

30.     Plaintiff was then released from custody from court on September 8, 2009 on his own recognizance after it became clear that Plaintiff had no involvement in the crimes with which he was being charged.

6

31.     Nonetheless, the Defendant **CITY** maliciously sought Plaintiff's further prosecution by submitting the charges to a Grand Jury on or about December 15, 2009.  On said date, Plaintiff testified before the Gran Jury and the Grand jury failed to return a true bill.  On January 12, 2010, the matter was dismissed and sealed.

32.     As a direct and proximate result of defendants' actions, plaintiff has suffered and continue to suffer damages and injuries, which are continuous and ongoing.

33.     The false criminal arrest of the plaintiff and plaintiff's wrongful imprisonment, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

34.     As a direct and proximate results of defendants' actions, plaintiff suffered and continue to suffer, mental anguish, injury to reputation, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

35.     As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City and State of New York.

36.     Defendants **SERVICE** and **CITY**, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police, including defendants in this case, to engage in unlawful conduct.

37.     The actions of defendants, acting under color or State law, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the rights to be secure in his person and property, to be free from the excessive use of

7

force and from malicious prosecution, abuse of process and to due process.

38.    By these actions, defendants have deprived the Plaintiff of rights secured by the Fourth, Fifth, and fourteenth amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

39.    The defendants **SERVICE, CITY** and **NYPD** officers involved in this incident did not have probable cause to approach the apartment of the Plaintiff.

40.    The defendants **SERVICE, CITY** and **NYPD** officers involved in this incident did not have probable cause to search the person of the Plaintiff.

41.    The defendants **SERVICE, CITY** and **NYPD** officers involved in this incident did not have probable cause to search the apartment person of the Plaintiff.

42.    The defendants **SERVICE, CITY** and **NYPD** officers involved in this incident did not have probable cause to seize personal item belonging to the Plaintiff from his apartment.

43.    Plaintiff has been severely traumatized by this incident.

44.    Plaintiff has suffered damage and injury, which are continuous and ongoing.

45.    All actions by defendant **SERVICE**, defendant **FRIEDMAN**, defendant **CITY**, and defendant **NYPD** were done under the color of state law.

## AS AND FOR A FIRST CAUSE OF ACTION

46.    Plaintiff re-allege each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action

47.    By detaining and imprisoning the plaintiff, without probable cause or reasonable suspicion, defendants deprived the plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983,

including, but not limited to, rights guaranteed by the Fourth and fourteenth Amendments of the United States Constitution.

48. In addition, the defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy as set forth above.

49. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as **SECRET SERVICE** and **NYPD** officers. Said acts by the Defendants **SERVICE** and **NYPD** Officers were beyond the scope of their jurisdiction, without authority of law and in abuse of their powers, and said Defendants acted willfully, knowingly and with the specific intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983 and by the Fourth and Fourteenth Amendments to the United States Constitution.

50. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages herein before stated.

## AS AND FOR A SECOND CAUSE OF ACTION

51. Plaintiffs re-alleges each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

52. By detaining and imprisoning the defendant without probable cause or reasonable suspicion, using excessive force, and assaulting him, the Defendants deprived Plaintiff of rights, remedies, privileges, and .immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

53. In addition, the Defendants conspired among themselves to deprive Plaintiff of his

9

constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took ,numerous overt steps in furtherance of such conspiracy, as set forth above.

54.      The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as SECRET SERVICE and NYPD Officers.  Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

55.      Defendants, their officers, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights.  Defendant **SERVICE** and defendant **CITY**, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of **respondeat superior**.

56.      As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## AS AND FOR A THIRD CAUSE OF ACTION

57.      Plaintiff re-alleges each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

58.      In physically assaulting, handcuffing, threatening, intimidating Plaintiff the Defendants Officers, acting in their capacities as SERVICE officers and NYPD officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiffs.

59.      The assault and arrest by the Defendants Officers were unnecessary and

unwarranted in the performance of their duties as SERVICE officers and NYPD officers and constituted unreasonable and excessive use of force.

60.     Defendants, their agents, officers, servants, and employees were responsible for Plaintiff's assault and illegal arrest, and battery. Defendants **SERVICE** and **CITY**, as employer of each of the Officers Defendants, is responsible for their wrongdoing under the Doctrine of **respondeat superior**.

61.     As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

### AS AND FOR A FOURTH CAUSE OF ACTION

62.     Plaintiff re-alleges each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

63.     The Defendants Officers caused the Plaintiff to be wrongfully and illegally detained, imprisoned and be prosecuted.

64.     The wrongful arrest, imprisonment and prosecution of the Plaintiff was carried out without Plaintiff's consent, and without probable cause or reasonable suspicion.

65.     At all relevant times, the Defendants acted forcibly in apprehending, detaining and imprisoning the Plaintiff.

66.     During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, prosecuted and threatened.

67.     Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.

68.     All of the foregoing occurred without any fault or provocation on the part of the

11

Plaintiff.

69.     Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's detention and imprisonment during this period of time.  Defendant **SERVICE**, defendant **CITY** and defendant **NYPD**, as employer of the Defendants, is responsible for their wrongdoing under the doctrine of **respondeat superior**.

70.     The Defendants Officers acted with a knowing, wilful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiffs.

71.     As a direct and proximate result of the misconduct, abuse and prosecution detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS AND FOR A FIFTH CAUSE OF ACTION

72.     Plaintiff re-alleges each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

73.     The Defendants engaged in extreme and outrageous conduct intentionally and recklessly causing severe emotional distress to plaintiffs.

74.     Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention prosecution, and imprisonment by the Defendants.

75.     Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants.   Defendant **SERVICE** and defendant **CITY** as employer of the Officers and

12

Defendants is responsible for their wrongdoing under the doctrine of **respondeat superior**.

76.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS AND FOR A SIXTH CAUSE OF ACTION

77.     Plaintiff re-alleges each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

78.     Upon information and belief, defendant **SERVICE** and defendant **CITY**, through the **NYPD**, owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by the Plaintiff.

79.     Upon information and belief, defendant **SERVICE** and defendant **CITY**, through the **NYPD**, owed a duty of care to Plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

80.     Upon information and belief, defendant **SERVICE** and defendant **CITY**, through the **NYPD** knew or should have known through the exercise of reasonable diligence that the Defendants Officers were potentially dangerous.

81.     Upon information and belief, defendant **SERVICE** and defendant **CITY**'s negligence in hiring and retaining the Defendants officers proximately caused Plaintiffs injuries.

82.     Upon information and belief, because of the defendant **SERVICE** and defendant **CITY**'s negligent hiring and retention of the aforementioned Defendants Officers, Plaintiff incurred significant and lasting physical and mental injury.

13

## DEMAND FOR TRIAL BY JURY

83.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully request judgment against the Defendants as follows:

A.    On the First Cause of Action against the Defendants officers, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

B.    On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial and punitive damages against the Defendants Officers in an amount to be determined at trial;

C.    On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants Officers in an amount to be determined at trial;

D.    On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

E.    On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants Officers in an amount to be determined at trial;

F.    On the Sixth Cause of Action, against the U.S. Secret Service and the City of New

14

York, compensatory damages in an amount to be determined at trial; and

   G.  Such other and further relief as this Court may deem necessary in the interest of

justice.

Dated: Brooklyn, New York
   March 30, 2010

           Yours, etc.,

           **MUSTAPHA NDANUSA**

           **Mustapha Ndanusa (MN-0687)**
           Attorney for Plaintiff
           26 Court Street, Suite 603
           Brooklyn, New York 11242
           (718) 825-7719

## VERIFICATION

STATE OF NEW YORK    )
                         : SS.:
COUNTY OF KINGS     )

**ANTHONY NZEGWU**, being duly sworn deposes and says:

1.      Your deponent is the above encaptioned plaintiff in this action and makes this verification and knows the contents thereof based upon his own knowledge of the facts and circumstances surrounding the within action.

2.      Your deponent has read the foregoing complaint in this action and knows that the matters cited therein are true and for those matters asserted upon information and belief, that I believe them to be true.

_____
ANTHONY NZEGWU

Sworn to before me this
28th day of June , 2010

_____
NOTARY PUBLIC

MUSTAPHA NDANUSA
NOTARY PUBLIC, State of New York
No. 02ND6094956
Qualified in Kings County
Commission Expires June 30, 20 11

**EXHIBIT A**

# LAW OFFICE OF ROBERT OSUNA, P.C.

11 Park Place, Suite 600
New York, New York 10007
Telephone: 212.233.1033
Facsimile: 212.233.1014

July 29, 2009

VIA HAND DELIVERY

ADA Marianna Zelig
Queens County District Attorneys Office
Queens Criminal Court Building
125-01 Queens Boulevard
Kew Gardens, NY 11415

**Re:**          People v. Nzegwu

Dear Ms. Zelig,

Firstly I would like to thank you on behalf of my client and myself for having been nothing but professional throughout the pendency of this case. You have given my client each and every opportunity to resolve this matter. My client has steadfastly maintained his innocence and he appears to be correct.

Yesterday in Court, I adjourned the case for Grand Jury Action and withdrew Cross 190.50 Notice on the record.

**Please be advised that I came across vital information to this case that you must investigate fully before this case proceeds. I am reinstating cross 190.50 Notice, my client will testify before the Grand Jury, I am waiving 180.80, and 30:30 for two weeks after the next adjourn date of August 25, 2009. Thus time is waived until September 8, 2009 and of course this is my request. Please do not present this case until after the next adjourn date.**

I carefully reviewed the Criminal Complaint and the IP address that is alleged to belong to my client and is alleged to have originated the frauds my client is charged with. The IP address in the complaint is 69.114.189.48. A simple internet check of that IP address through IP-Address.com shows that IP address being located at Troy Avenue and Sterling Place in Brooklyn, **several blocks away from where my client resides.**

I am enclosing for you a copy of the IP-Address.com printout with the map showing where that IP address is located. I also send a map of Brooklyn showing the proximity of that IP location to my clients' residence. I am away from August 5, 2009 until the 20th. We will speak after I return or you can contact me by email at robertosunapc@yahoo.com.

Thank you for your immediate attention to this matter.

Sincerely,

Law Office of Robert Osuna, PC
By:      Robert Osuna, Esq.



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    **NO.**

ANTHONY NZEGWU

                              Plaintiff,

        -against-

UNITED STATES OF AMERICA / THE UNITED STATES SECRET SERVICE
SECRET SERVICE AGENT ERIC FRIEDMAN in his official capacity and individually,
CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICERS "JOHN DOES" #1
through 10, is meant to be police officers employed by the
New York City Police Department, whose names and badge
numbers are Unknown, in their individual capacities,

                              Defendants.

## SUMMONS AND COMPLAINT

## MUSTAPHA NDANUSA, ESQ.
Attorneys for Plaintiff
26 Court St., Suite 603
Brooklyn, New York 11242
(718) 825-7719

Pursuant to Article 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certi
that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated:  June 27, 2010                signature
                                     Print Signer's Name: Mustapha Ndanusa, Esq.

Service of a copy of the within                          is hereby admitted.

Dated:
                                     Attorney(s) for

**Please take notice**
NOTICE OF ENTRY
that the within is a (certified) true copy of a            duly entered in the Office of the Clerk of the within court on
, 20  .
NOTICE OF SETTLEMENT
that an order                          of which the within is true copy will be prepared for settlement to the Hon.
        one of the judges of the within named court, at          on          , 20    at    M.

Dated,
                                     Yours, etc.
                                     Mustapha Ndanusa, Esq.
                                     Attorneys for Plaintiff
                                     26 Court St., suite 603
        To:                          Brooklyn, New York 11242
                                      (718) 825-7719