UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ANTHONY NZEGWU,

                        Plaintiff,

      -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE JOHN JACKSON
POLICE OFFICERS "JOHN DOES" #1 through
10, is meant to be police officers employed by the New York City
Police Department, whose names and badge numbers are
Unknown, in their individual and official capacities,

                       Defendants.
-------------------------------------------------------------------------x

**SECOND AMENDED COMPLAINT**

10-CV-2994

**JURY TRIAL DEMANDED**

       Plaintiff, through his attorney, **MUSTAPHA NDANUSA, ESQ.**, as and for his complaint against the defendants herein allege:

## NATURE OF THE ACTION

       1.      Plaintiff is a resident of the Borough of Brooklyn, County of Kings, City and State of New York.

       2.      At all times hereinafter mentioned, defendant, **CITY OF NEW YORK** (hereinafter "**CITY**"), was and still is a municipal corporation existing under and by virtue of the laws of the State of New York.

       3.      At all times hereinafter mentioned, defendant **NEW YORK CITY POLICE DEPARTMENT** (hereinafter "**NYPD**") is a political subdivision of the defendant **CITY**.

       4.      At all times hereinafter mentioned, defendant, **CITY**, employed persons as police

officers and said persons were so employed as police officers by and through the defendant **NYPD**.

5.  Defendants **CITY** and **NYPD** were responsible for the training and supervision of police personnel and were also responsible for enforcing the regulations and policies of the New York City Police Department and for ensuring that New York City Police Department employees obey, employ and implement regulations and policies.

6.  At all times hereinafter mentioned, defendants, their agents, assistants and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by agents of defendants, whose acts may fairly be said to represent official policy or governmental custom of the defendants **CITY** and **NYPD.**

7.  On or about the 30th day of November 2009, within ninety days after the claim alleged herein arose, a notice of claim, in writing, sworn to by the claimant, was served upon the defendants **CITY** and **NYPD** by personal delivery of the notice in duplicate, to the clerk designated by defendants to accept service.

8.  The notice of claim set forth the name and post office address of the claimant, and of the claimant's attorney, the nature of the claim, the time when, the place where and the manner in which said claims arose, and the injuries and damages sustained herein as far as then practicable.

9.  At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment thereof has been neglected or refused.

10. This action was commenced within one year and ninety days after the happening of the event upon which the claim is based.

11. Specifically, the Plaintiff alleges that, on or about May 14, 2009, while plaintiff was at home in his apartment, in the Borough of Brooklyn, County of Kings, City and State of New York, the defendants **CITY** and **NYPD**, by their agents, employees and/or assigns knocked on plaintiff's door and, once plaintiff stepped into the hall in front of his apartment door these defendants, without just cause or provocation, assaulted plaintiff, caused plaintiff's false arrest, unlawful detention, and malicious prosecution and violation of civil rights.

12. This action is brought for damages to remedy the violations of plaintiff's Constitutional Rights under the United States Constitution, under color of state law, specifically the 4th, 5th, 8th, and 14th Amendments and for false imprisonment and false arrest.

13. Declaratory relief, damages and other legal and equitable relief are sought pursuant to 42 U.S.C. §§ 1983 and 1988.

## JURISDICTION AND VENUE

14. This is a civil Rights Action seeking damages for the defendants' violations of plaintiff's rights, privileges, and immunities under the United States Constitution, as amended and the Civil Rights Act of 1871, 42 U.S.C. § 1983 and 1988, Article 1 Section 12 of the New York Constitution, and New York State Common Law. Plaintiff further invokes the pendent jurisdiction of this Court in accordance with 28 U.S.C. Sections 1331, 1343 (a)(3) and (4), and 1367(a). As the unlawful acts complained of herein occurred in the Borough of Brooklyn, County of Kings, City and State of New York which is within the Eastern District of New York, venue is properly within this District pursuant to 28 U.S.C. § 1391 (b) and (c)..

15. Jurisdiction of this Court is proper under 42 U.S.C. § 1983 and 28 U.S.C. § 1346(b)(1).

16. Plaintiff has fully complied with the administrative prerequisites to the filing of this action under state law. On the 30th day of November 2009, Plaintiff filed a notice of claim with defendants **CITY** and **NYPD**. On or about June 3, 2010, a statutory 50-h hearing was held pursuant General Municipal Law § 50(e) wherein the defendants examined the plaintiff with regard to the claims of this action. Defendants have refused to adjust or settle this action.

## FACTS

17. Upon information and belief, sometime prior to May 14, 2010, two unknown male law enforcement agents presented themselves at Plaintiff **ANTHONY NZEGWU's** apartment located at 1444 Park Place, Apt #E5, County of Kings, Borough of Brooklyn, City of New York.

18. That the two male law enforcement agents represented to Plaintiff that they were New York City Police Officers ("purported police officers") working from the local precinct and that they were responding to a call about a disturbance at the subject building located at 1444 Park Place ("subject location"). However, Plaintiff will later learn that one of the two purported police officers was not in fact a New York City Police Officer but a U.S. Secret Service agent.

19. That after introducing themselves to the Plaintiff and explaining their purported reason for being at the subject location, one of the two purported police officers asked for Plaintiff's identification. The purported police officers explained to Plaintiff that they needed his identification card in order to keep a record of to whom they had spoke.

20. That Plaintiff thereupon provided to the two purported police officers his driver's license, from which the purported police officers recorded Plaintiff's name and his driver's license number. Thereafter, the two purported police officers left the subject location.

21. That on or about May 14, 2009, at approximately 9:15 a.m. Plaintiff received a

knock on his door. That when Plaintiff looked out the "peep hole" from his apartment, he recognize the two purported police officers with whom he had spoken and identified himself a week or so prior. Plaintiff was also able to see from the "peep hole" other uniformed police officers with their guns drawn.

22. That Plaintiff, believing that the two purported police officer had returned to continue their investigation, opened the door to his apartment.

23. That to Plaintiff's surprise, upon opening the door, one of the two "purported police officers" – the one which is not a Secret Service Agent – placed Plaintiff under arrest ("arresting officer"). The extend of the cooperation of the Secret Service with the City of New York in this matter is unknown to the Plaintiff.

24. That at said place and time Defendant Detective John Jackson acting as servant, agent and/or assigns of defendants **NYPD**, and within the scope of his employment and without just cause or provocation, arrested the Plaintiff and took him to a precinct in Queens County where he was handcuffed to a wall for several hours.

25. That Plaintiff was interrogated extensively by unknown police officers about matters which Plaintiff had no knowledge. In particular, the arresting officer confronted Plaintiff with a copy of Plaintiff's driver's license picture as well as with a picture of some unknown man that the arresting officer claimed was Plaintiff.

26. That Plaintiff told the arresting officer that the man in the picture was not Plaintiff, whereupon the arresting officer remarked: "you are Black and Nigerian and therefore a thief."

27. That upon information and belief, the arresting officer then charged Plaintiff with

the arrest crimes of Grand Larceny in the first degree (Class C Felony); Grand Larceny in the third degree (Class D Felony); Identity Theft in the first degree (Class D Felony); Falsifying Business Records in the first degree (Class E Felony) and; Criminal Possession of a Forged Instrument in the second degree (Class D Felony) related to illegal bank money transfers. Plaintiff denied any involvement in the alleged crimes.

28. Thereafter, Plaintiff was transported to Central Booking where he was fingerprinted and photographed and held for two days before he appeared before a judge, where bail was set at one hundred thousand ($100,000.00) dollars – an amount which plaintiff was unable to make.

29. That as a result of the high bail set, plaintiff was remanded and taken to a prison barge in the Bronx.

30. That Plaintiff remained on the prison barge for approximately two and one half months before being transported to Riker's Island, Elmhurst, New York.

31. That by letter dated July 29, 2009, Plaintiff's counsel in the underlying criminal matter directed Defendant City's attention to the fact that the accusatory instrument (the criminal complaint) which formed the basis of Plaintiff's arrest also contained exculpatory information that, through a simple check, showed how Plaintiff could not have committed the crimes for which he was charged. A copy of the July 29, 2009 letter directing Defendant's City's attention to the aforementioned matter, as well as the accusatory instrument, is attached here as **Exhibit A**.

32. That to wit, the exculpatory information contained in the accusatory instrument was the Internet Provider address ("IP address") for the computer from which it was claimed Plaintiff was conducting the wire fraud transactions. Specifically, (1) the accusatory instrument

6

does not even assert that the IP address belong to a computer used or being used by Plaintiff and (2) a check of the IP address definitively shows that said IP address belonged to someone other than Plaintiff.

33. That upon information and belief, the exculpatory evidence was known to the defendants prior to Plaintiff's arrest.

34. That upon Plaintiff's next return date in criminal court after defendants received the July 29, 2009 letter (September 8, 2009), Plaintiff was released from custody from court on his own recognizance. That upon information and belief, Plaintiff was released from custody because Defendant City knew Plaintiff had no involvement in the crimes with which Plaintiff was being charged.

35. That nonetheless, the Defendant **CITY** maliciously sought Plaintiff's further prosecution by submitting the charges to a Grand Jury on or about December 15, 2009. On said date, Plaintiff testified before the Gran Jury and the Grand jury failed to return a true bill.

36. That on January 12, 2010, the criminal matter was dismissed and sealed.

37. As a direct and proximate result of defendants' actions, Plaintiff has suffered and continue to suffer damages and injuries, which are continuous and ongoing.

38. That the false criminal arrest of the plaintiff and plaintiff's wrongful imprisonment, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

39. That as a direct and proximate results of defendants' actions, plaintiff suffered and continue to suffer, mental anguish, injury to reputation, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

40. That as a direct and proximate result of defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City and State of New York.

41. That Defendant **CITY**, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police, including defendants in this case, to engage in unlawful conduct.

42. That the actions of defendants, acting under color or State law, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process and to due process.

43. That by these actions, defendants have deprived the Plaintiff of rights secured by the Fourth, Fifth, and fourteenth amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

44. That the defendants **CITY** and **NYPD** officers involved in this incident did not have probable cause to approach the apartment of the Plaintiff.

45. That the defendants **CITY** and **NYPD** officers involved in this incident did not have probable cause to search the person of the Plaintiff.

46. That the defendants **CITY** and **NYPD** officers involved in this incident did not have probable cause to search the apartment person of the Plaintiff.

47. That the defendants **CITY** and **NYPD** officers involved in this incident did not have probable cause to seize personal item belonging to the Plaintiff from his apartment.

48. That Plaintiff has been severely traumatized by this incident.

49. That Plaintiff has suffered damage and injury, which are continuous and ongoing.

50. That all actions by defendant **CITY**, and defendant **NYPD** were done under the color of state law.

### AS AND FOR A FIRST CAUSE OF ACTION: USC 1983 VIOLATION

51. Plaintiff re-allege each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action

52. By detaining and imprisoning the plaintiff, without probable cause or reasonable suspicion, defendants deprived the plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and fourteenth Amendments of the United States Constitution.

53. In addition, the defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy as set forth above.

54. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as **NYPD** officers. Said acts by the Defendants **NYPD** Officers were beyond the scope of their jurisdiction, without authority of law and in abuse of their powers, and said Defendants acted willfully, knowingly and with the specific intent to deprive the plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983 and by the Fourth and Fourteenth Amendments to the

9

United States Constitution.

55. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages herein before stated.

### AS AND FOR A SECOND CAUSE OF ACTION: STATE RIGHTS VIOLATION

56. Plaintiffs re-alleges each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

57. By detaining and imprisoning the defendant without probable cause or reasonable suspicion, using excessive force, and assaulting him, the Defendants deprived Plaintiff of rights, remedies, privileges, and .immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

58. In addition, the Defendants conspired among themselves to deprive Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took ,numerous overt steps in furtherance of such conspiracy, as set forth above.

59. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

60. Defendants, their officers, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendant **CITY**, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of **respondeat superior**.

61. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## AS AND FOR A THIRD CAUSE OF ACTION: ASSAULT AND BATTERY

62. Plaintiff re-alleges each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

63. In physically assaulting, handcuffing, threatening, intimidating Plaintiff the Defendants Officers, acting in their capacities as NYPD officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiffs.

64. The assault and arrest by the Defendants Officers were unnecessary and unwarranted in the performance of their duties as NYPD officers and constituted unreasonable and excessive use of force.

65. Defendants, their agents, officers, servants, and employees were responsible for Plaintiff's assault and illegal arrest, and battery. Defendant **CITY**, as employer of each of the Officers Defendants, is responsible for their wrongdoing under the Doctrine of **respondeat superior**.

66. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## AS AND FOR A FOURTH CAUSE OF ACTION: FALSE ARREST/FALSE IMPRISONMENT

67. Plaintiff re-alleges each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

11

68. The Defendants Officers caused the Plaintiff to be wrongfully and illegally detained, imprisoned and be prosecuted.

69. The wrongful arrest, imprisonment and prosecution of the Plaintiff was carried out without Plaintiff's consent, and without probable cause or reasonable suspicion.

70. At all relevant times, the Defendants acted forcibly in apprehending, detaining and imprisoning the Plaintiff.

71. During this period, the P1aintiff was unlawfully and wrongfully assaulted, harassed, detained, prosecuted and threatened.

72. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.

73. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

74. Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's detention and imprisonment during this period of time. Defendant **CITY** and defendant **NYPD**, as employer of the Defendants, is responsible for their wrongdoing under the doctrine of **respondeat superior**.

75. The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiffs.

76. As a direct and proximate result of the misconduct, abuse and prosecution detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS AND FOR A FIFTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77.     Plaintiff re-alleges each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

78.     The Defendants engaged in extreme and outrageous conduct intentionally and recklessly causing severe emotional distress to plaintiffs.

79.     Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention prosecution, and imprisonment by the Defendants.

80.     Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants.  Defendant **CITY** as employer of the Officers and Defendants is responsible for their wrongdoing under the doctrine of **<u>respondeat superior</u>**.

81.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS AND FOR A SIXTH CAUSE OF ACTION

82.     Plaintiff re-alleges each of the proceeding causes of action as though fully set forth in each of the subsequent causes of action.

83.     The Defendants Officers caused the Plaintiff to be maliciously prosecuted.

84.     That Defendant City and Defendant officers, working in conjunction with members of the Secret Service, did commence a criminal action against Plaintiff.

85.     That the criminal action and prosecution was commenced without probable cause

or belief that said action would be successful.

86. That the criminal action was therefore commenced with malice.

85. That the criminal action was then disposed in Plaintiff's favor.

87. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

88. Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's detention and imprisonment during this period of time. Defendant **CITY** and defendant **NYPD**, as employer of the Defendants, is responsible for their wrongdoing under the doctrine of **respondeat superior**.

89. The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiffs.

90. As a direct and proximate result of the misconduct, abuse and prosecution detailed above, plaintiffs sustained the damages hereinbefore stated and was imprisoned for a period of more than three months.

## DEMAND FOR TRIAL BY JURY

91. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully request judgment against the Defendants as follows:

    A.    On the First Cause of Action against the Defendants officers, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

    B.    On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial and punitive damages against the Defendants Officers in an amount to be determined at trial;

    C.    On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants Officers in an amount to be determined at trial;

    D.    On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendant officers in an amount to be determined at trial;

    E.    On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants Officers in an amount to be determined at trial;

    F.    On the Sixth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial; and

    G.    Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, New York
       March 24, 2011

                                       Yours, etc.,

                                       **MUSTAPHA NDANUSA**

                                       _____/S/S_____

                                       **Mustapha Ndanusa (MN-0687)**
                                       Attorney for Plaintiff
                                       26 Court Street, Suite 603
                                       Brooklyn, New York 11242
                                       (718) 825-7719
                                       mndanusa@gmail.com

Case 1:10-cv-02994-CBA-RML   Document 23   Filed 03/25/11   Page 17 of 17 PageID #: 136