UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
ANTHONY NZEGWU,

                    Plaintiff,

            -against-

UNITED STATES OF AMERICA, SECRET SERVICE
AGENT ERIC FRIEDMAN in his individual capacity,
THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, DET. JOHN JACKSON, POLICE OFFICERS
"JOHN DOES" #1 through 10, is meant to be police officers
employed by the New York City Police Department, whose names
and badge numbers are Unknown, in their individual and official
capacities,

                    Defendants.
--------------------------------------------------------------------------x

**THIRD AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiff, through his attorney, **MUSTAPHA NDANUSA, ESQ.**, as and for his complaint against the defendants herein allege:

## NATURE OF THE ACTION

       1.     Plaintiff is a resident of the Borough of Brooklyn, County of Kings, City and State of New York.

       2.     That at all times herein Defendant **UNITED STATES OF AMERICA** ("**U.S.A**") was and still is a sovereign entity as defined under the FTCA and organized under its laws the agency known as the **U.S. SECRET SERVICE**,(hereinafter the "**USSS**")  which is a division U.S. Department of Homeland Security.

       3.     At all times hereinafter mentioned, **USSS** employed persons as special agents and said persons were so employed as special agents by and through the **USSS**.

4.      Upon information and belief, at all times hereinafter mentioned, defendant **ERIC FRIEDMAN** (hereinafter "**FRIEDMAN**"), was and still is a special agent employed with the **USSS** and, at all times relevant to this action, was acting under color of federal law in his capacity as an agent, servant and/or employee of the **USSS**.  Said agent is, upon information and belief, an adult U.S. citizen and resident of the State of New York and is being sued in both his individual and official capacity.

(FTCA)

5.      At all times hereinafter mentioned, defendant, **CITY OF NEW YORK** (hereinafter "**CITY**"), was and still is a municipal corporation existing under and by virtue of the laws of the State of New York.

5.      At all times hereinafter mentioned, defendant **NEW YORK CITY POLICE DEPARTMENT** (hereinafter "**NYPD**") is a political subdivision of the defendant **CITY**.

6.      At all times hereinafter mentioned, defendant, **CITY**, employed persons as police officers and said persons were so employed as police officers by and through the defendant **NYPD**.

7.      Defendants **CITY** and **NYPD** were responsible for the training and supervision of police personnel and were also responsible for enforcing the regulations and policies of the New York City Police Department and for ensuring that New York City Police Department employees obey, employ and implement regulations and policies.

8.      At all times hereinafter mentioned, defendants, their agents, assistants and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by agents of defendants, whose acts may fairly be said to represent official policy or governmental custom of the defendants **CITY** and **NYPD.**

2

9.      That at all times hereinafter, Defendant Detective **JOHN JACKSON** (hereinafter "**JACKSON**") and **JOHN DOES** police officers and their agents, assistants and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by agents of defendant **NYPD**, whose acts may fairly be said to represent official policy or governmental custom of the defendants **CITY** and **NYPD**.

10.      That upon information and belief, Defendant **JACKSON** was employed by the defendant **CITY** but is now retired.

11.      That upon information and belief, defendants **JOHN DOES** were and still are employed with by the defendant **CITY** as agent for defendant **NYPD**.

12.      On or about the 30th day of November 2009, within ninety days after the claim alleged herein arose, a notice of claim, in writing, sworn to by the claimant, was served upon the defendants **CITY**  and **NYPD** by personal delivery of the notice in duplicate, to the clerk designated by defendants to accept service.

13.      The notice of claim set forth the name and post office address of the claimant, and of the claimant's attorney, the nature of the claim, the time when, the place where and the manner in which said claims arose, and the injuries and damages sustained herein as far as then practicable.

14.      At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment thereof has been neglected or refused.

15.      That on or about March 10, 2011, referencing a previously filed Standard Form  95 ("SF 95") dated April 15, 2011, Plaintiff did presented a claim to the **USSS** as required under 28 U.S.C. 2675(a) by mail delivery of the SF 95 to the address indicated thereon.

16.      Specifically, the Plaintiff alleges that, on or about May 14, 2009, while plaintiff was

3

at home in his apartment, in the Borough of Brooklyn, County of Kings, City and State of New York, the defendants **US**, **CITY** and **NYPD**, by their agents, employees and/or assigns knocked on plaintiff's door and, once plaintiff stepped into the hall in front of his apartment door these defendants, without just cause or provocation, assaulted plaintiff, caused plaintiff's false arrest, unlawful detention, and malicious prosecution and violation of civil rights.

17.    That by letter dated May 13, 2011, Plaintiff's SF 95 claim with the secret service was denied and adjustment or payment thereof has been neglected or refused

18.    This action is brought for damages to remedy the violations of plaintiff's Constitutional Rights under the United States Constitution, under color of state law, specifically the 4th, 5th, 9th, and 14th Amendments and for false imprisonment and false arrest.

19.    Declaratory relief, damages and other legal and equitable relief are sought pursuant to 42 U.S.C. §§ 1983 and 1988.

## JURISDICTION AND VENUE

### A. State Defendant Claims

20.    This is a civil Rights Action seeking damages for the defendants' violations of plaintiff's rights, privileges, and immunities under the United States Constitution, as amended and the Civil Rights Act of 1871,  42 U.S.C. § 1983 and 1988, Article 1 Section 12 of the New York Constitution, and New York State Common Law.  Plaintiff further invokes the pendent jurisdiction of this Court in accordance with 28 U.S.C. Sections 1331, 1343 (a)(3) and (4), and 1367(a).  As the unlawful acts complained of herein occurred in the Borough of Brooklyn, County of Kings, City and State of New York which is within the Eastern District of New York, venue is properly within this District pursuant to 28 U.S.C. § 1391 (b) and (e)(2).

4

21.    Jurisdiction of this Court is proper under 42 U.S.C. § 1983.

22.    Plaintiff has fully complied with the administrative prerequisites to the filing of this action under state law.  On the 30th day of November 2009, Plaintiff filed a notice of claim with defendants **CITY** and **NYPD**.

23.    On or about June 3, 2010, a statutory 50-h hearing was held pursuant General Municipal Law § 50(e) wherein the defendants examined the plaintiff with regard to the claims of this action.  Defendants have refused to adjust or settle this action.

## B. Federal Defendant Claims

24.    Jurisdiction is proper under the Fourth, Fifth and Ninth and Fourteenth Amendments to the U.S. Constitution, as applied to federal officials under the rule of *Bivens v Six Unknown Named Agents*, 403 U.S. 388 (1971).

25.     Jurisdiction is also proper under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.* (the "FTCA") and 28 U.S.C. § 1346(b)(1) for claims arising from the negligent or wrongful acts or omissions of agent, servant, and/or employee of the USA while acting with the scope of his or her employment, under circumstances where the United States, if a private party, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

26.    28 U.S.C. § 2679(b)(2)(A) expressly waives immunity for defendant here names in his capacities as an individual and allows Plaintiff to proceed against this defendant for violations of Plaintiff's rights guaranteed by the United States Constitution.

27.    Plaintiff has submitted his claim for presentment as required under 28 U.S.C. 2675(a)

and this action has been commenced within six months of the denial of Plaintiff's claim before the USSS as required under 28 U.S.C. § 2401(b).

## FACTS

**PRIOR TO ARREST**

28.     Upon information and belief, sometime prior to May 14, 2010**,** two unknown male law enforcement agents presented themselves at Plaintiff's apartment located at 1444 Park Place, Apt #E5, County of Kings, Borough of Brooklyn, City of New York.

29.     That the two male law enforcement agents represented to Plaintiff that they were New York City Police Officers ("purported police officers") working from the local precinct and that they were responding to a call about a disturbance at the subject building located at 1444 Park Place ("subject location").  However, Plaintiff will later learn that one, and maybe both, of the two purported police officers was not in fact a New York City Police Officer but a U.S. Secret Service agent.

30.     That after introducing themselves to the Plaintiff and explaining their purported reason for being at the subject location, one of the two purported police officers, Defendant **FRIEDMAN**, asked for Plaintiff's identification, explaining to Plaintiff that he needed to see Plaintiff's identification card in order to keep a record of to whom they had spoken.

31.     That Plaintiff thereupon provided to Defendant **FRIEDMAN** his driver's license, from which the **FRIEDMAN** recorded Plaintiff's name and his driver's license number. Thereafter, the two purported police officers left the subject location.

**THE ARREST**

32.    That on or about May 14, 2009, at approximately 9:15 a.m. Plaintiff received a knock on his door.  That when Plaintiff looked out the "peep hole" from his apartment, he recognize the two purported police officers with whom he had spoken and identified himself a week or so prior.

33.    That Plaintiff, believing that the two purported police officer had returned to continue their investigation, opened the door to his apartment.

34.    That to Plaintiff's surprise, upon opening the door, Plaintiff was placed under arrest by an officer that he would later learn is Defendant **JACKSON**.  The full extent of the cooperation of the Secret Service with the City of New York in this matter is unknown to the Plaintiff.

35.    That at said place and time Defendant **JACKSON**, acting as servant, agent and/or assigns of defendants **NYPD**, and within the scope of his employment and without just cause or provocation, arrested the Plaintiff and took him to a precinct in Queens County where he was handcuffed to a wall for several hours.

36.    That Plaintiff was interrogated extensively by unknown police officers, maybe by Defendant JACKSON and FRIEDMMAN, about matters which Plaintiff had no knowledge.  In particular, one officer confronted Plaintiff with a copy of Plaintiff's driver's license picture as well as with a picture of some unknown man that the arresting officer claimed was Plaintiff.

37.    That Plaintiff told the questioning officers that the man in the picture was not Plaintiff, whereupon one officer remarked: "you are Black and Nigerian and therefore a thief."

38.    That the unknown person in the picture is the real perpetrator of the crime with which Plaintiff was eventually charged.

39.    That Plaintiff was charged with the arrest crimes of Grand Larceny in the first degree

(Class C Felony); Grand Larceny in the third degree (Class D Felony); Identity Theft in the first

degree (Class D Felony); Falsifying Business Records in the first degree (Class E Felony) and;

Criminal Possession of a Forged Instrument in the second degree (Class D Felony) related to illegal

bank money transfers.  Plaintiff denied any involvement in the alleged crimes.

40.    That thereafter, Plaintiff was transported to Central Booking where he was

fingerprinted and photographed and held for two days before he appeared before a judge, where bail

was set at one hundred thousand ($100,000.00) dollars – an amount which plaintiff was unable to

make.

41.    That as a result of the high bail set, plaintiff was remanded and taken to a prison barge

in the Bronx.

42.    That Plaintiff remained on the prison barge for approximately two and one half

months before being transported to Riker's Island, Elmhurst, New York.

**EXCULPATORY EVIDENCE**

43.    That by letter dated July 29, 2009, Plaintiff's counsel in the underlying criminal

matter directed Defendant City's attention to the fact that the accusatory instrument (the criminal

complaint) which formed the basis of Plaintiff's arrest also contained exculpatory information that,

through a simple check, showed how Plaintiff could not have committed the crimes for which he was

charged.   A copy of the July 29, 2009 letter directing Defendant's City's attention to the

aforementioned matter, as well as the accusatory instrument, is attached here as **Exhibit A**.

44.    That to wit, the exculpatory information contained in the accusatory instrument was

the Internet Provider address ("IP address") for the computer from which it was claimed Plaintiff was

conducting the wire fraud transactions.  Specifically, (1) the accusatory instrument does not even

8

assert that the IP address belongs to a computer used or being used by Plaintiff and (2) a check of the IP address definitively shows that said IP address belonged to someone other than Plaintiff.

45.    That Defendant FRIEDMAN signed the accusatory instrument in question, thereby commencing the criminal action against Plaintiff.

46.    That upon information and belief, the exculpatory evidence contained in the accusatory instrument, namely the IP address not belonging to Plaintiff, was known to the defendants prior to Plaintiff's arrest.

47.    That in addition to the accusatory instrument, Defendant **FRIEDMAN** swore in his affidavit in support of the warrant to arrest and search Plaintiff's apartment that there were other IP addresses that Plaintiff used to commit the wire frauds with which Plaintiff was charged (hereinafter "warrant affidavit").

48.    That the other IP addressed sited in the warrant affidavit did not, and never, belonged to Plaintiff.

49.    That Defendant **FRIEDMAN**, in dereliction of his duty to investigate, failed to verify whether Plaintiff was able in fact accessed, by remote means, the IP addressed mentioned in both the accusatory instrument and the warrant affidavit.

50.    That Defendant **FRIEDMAN** knew, prior to Plaintiff's arrest, that Plaintiff did not access, and could not have accessed, the IP addresses (by remote means or other otherwise) that Plaintiff allegedly accessed in order to commit the wire fraud.

51.    That had Defendant **FRIEDMAN** investigated the source of the IP addresses, he would have learned that they did not originate from Plaintiff's home.

52.    That upon information and belief said investigation into the source or origin of the IP

9

addresses is a necessary to establish probable cause for Plaintiff's arrest and that Defendant failed to do same.

53.    That in addition to the failure to investigate the origin of the IP addresses, Defendants **FRIEDMAN, JACKSON** and the unknown police officers failed to investigate the identity of the unknown man depicted in the aforementioned picture.

54.    That upon information and belief, Defendant **FRIEDMAN** obtained said picture from a banking institution and that **FRIEDMAN** correctly believed the picture to be that of the person who committed the crimes with which Plaintiff was charged.

55.    That the picture of the perpetrator is not that of the Plaintiff.

56.    That Defendant **JACKSON** had an opportunity to also observe the picture and knew or should have known that said picture is not that of Plaintiff.

57.    That the picture of the perpetrator did not provide probable cause for defendant **FRIEDMAN** or **JACKSON** to effectuate the arrest of Plaintiff.

**CONTINUED PROSECUTION**

58.    That upon Plaintiff's next return date in criminal court, after defendants received the aforementioned July 29, 2009 letter (September 8, 2009), Plaintiff was released from custody on his own recognizance.

59.    That nonetheless, the Defendant **CITY** sought Plaintiff's further prosecution by submitting the charges to a Grand Jury on or about December 15, 2009.  On said date, Plaintiff testified before the Gran Jury and the Grand jury failed to return a true bill.

60.    That the Grand Jury had an opportunity to view the aforementioned picture of the perpetrator of the crimes with which Plaintiff was charged.

10

61.     That the Grand Jury also had an opportunity to hear testimony concerning the IP addresses as well as inquire about same.

62.     That on January 12, 2010, the criminal matter was dismissed and sealed after the Grand Jury failed to return a true bill.

### FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION: FTCA (FALSE ARREST/FALSE IMPRISONMENT)

63.     Plaintiff re-alleges, reiterates and repeats each and every allegation contained in the above paragraphs with the same force and effect as if more fully and at length set forth in each of the subsequent causes of action

64.     The Defendant **USA**, by its agents, caused the Plaintiff to be wrongfully and illegally detained, imprisoned and be prosecuted.

65.     The wrongful arrest, imprisonment and prosecution of the Plaintiff was carried out without Plaintiff's consent, and without probable cause or reasonable suspicion.

66.     At all relevant times, the Defendant **USA**, by its agents, acted forcibly in apprehending, detaining and imprisoning the Plaintiff.

67.     During this period, the P1aintiff was unlawfully and wrongfully assaulted, harassed, detained, prosecuted and threatened.

68.     Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.

69.     All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

11

70.     Defendant **USA**, its officers, agents, servants, and employees is responsible for Plaintiff's detention and imprisonment during this period of time under the FTCA.

71.     The Defendant **USA**, by its agents, acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and is guilty of egregious and gross misconduct toward Plaintiff.

72.     As a direct and proximate result of the misconduct, abuse and prosecution detailed above, plaintiffs sustained the damages hereinbefore stated.

73.     That as a direct and proximate result of the misconduct, Plaintiff suffered and continues to suffer, mental anguish, injury to reputation, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent, and suffered loss of employment opportunities therefrom.

74.     That by reason of the foregoing, Plaintiff demands judgment for malicious prosecution against Defendants **CITY**, **NYPD**, **JACKSON** and **JOHN DOE** police officers in the sum of one million ($1,000,000) dollars.

**AS AND FOR A SECOND CAUSE OF ACTION: FTCA (MALICIOUS PROSECUTION)**

75.     Plaintiff re-alleges, reiterates and repeats each and every allegation contained in the above paragraphs with the same force and effect as if more fully and at length set forth in each of the subsequent causes of action.

76.     The Defendant **USA**, by its agents, caused the Plaintiff to be maliciously prosecuted.

77.     That Defendant **USA**, working in conjunction with members of the **NYPD**, did commence a criminal action against Plaintiff.  Specifically, Defendant USA, by its agents, swore to

the accusatory instrument in the underlying criminal action.

78.    That the criminal action and prosecution was commenced without probable cause or belief that said action would be successful.

79.    That the criminal action was therefore commenced with intentionally and with malice.

80.    That the criminal action was then disposed in Plaintiff's favor.

81.    All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

82.    Defendant USA, its officers, agents, servants, and employees is responsible for Plaintiff's detention and imprisonment during this period of time under the FTCA.

83.    The Defendant USA, by its agents, acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and is guilty of egregious and gross misconduct toward Plaintiffs.

84.    As a direct and proximate result of the misconduct, abuse and prosecution detailed above, plaintiff's sustained the damages hereinbefore stated and was imprisoned for a period of more than three months.

85.    That as a direct and proximate result of the misconduct, Plaintiff suffered and continues to suffer, mental anguish, injury to reputation, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent, and suffered loss of employment opportunities therefrom.

86.    That by reason of the foregoing, Plaintiff demands judgment for malicious prosecution against Defendants **CITY**, **NYPD**, **JACKSON** and **JOHN DOE** police officers in the sum of one million ($1,000,000) dollars.

## AS AND FOR A THIRD CAUSE OF ACTION: FTCA (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

87.     Plaintiff re-alleges, reiterates and repeats each and every allegation contained in the above paragraphs with the same force and effect as if more fully and at length set forth in each of the subsequent causes of action.

88.     The Defendants engaged in extreme and outrageous conduct intentionally and recklessly causing severe emotional distress to plaintiffs.

89.     Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention prosecution, and imprisonment by the Defendants.

90.     Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants. Defendant **USA** as employer of the Officers and Defendants is responsible for their wrongdoing under the FTCA as Defendant **USA** is substituted in their stead.

91.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

92.     That by reason of the foregoing, Plaintiff demands judgment for intentional infliction of emotional distress against Defendant **USA** in the sum of one million ($1,000,000) dollars.

14

**AS AND FOR A FOURTH CAUSE OF ACTION: *BIVENS* CLAIMS**

93.     Plaintiff re-alleges, reiterates and repeats each and every allegation contained in the above paragraphs with the same force and effect as if more fully and at length set forth in each of the subsequent causes of action.

94.     As a direct and proximate result of defendants' actions, Plaintiff has suffered and continues to suffer damages and injuries, which are continuous and ongoing.

95.     That the false criminal arrest of the plaintiff and plaintiff's wrongful imprisonment, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

96.     That as a direct and proximate results of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, injury to reputation, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent, and suffered loss of employment opportunities.

97.     That as a direct and proximate result of defendant's actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth, Fifth and Ninth Amendments to the United States Constitution, more specifically the rights: to be secure in their persons, papers and affects against unreasonable search and seizures; not to be deprived of life, liberty and property without due process of law and the right to the equal protection of the laws secured by the Fourteenth Amendment of the Constitution of the United States.

98.     That the defendant **FRIEDMAN** did not have probable cause to approach the apartment of the Plaintiff.

99.     That defendant **FRIEDMAN** did not have probable cause to search the person of the

Plaintiff.

100.    That the defendant **FRIEDMAN** did not have probable cause to search the apartment of the Plaintiff.

101.    That the defendant **FRIEDMAN** did not have probable cause to seize Plaintiff or personal items belonging to the Plaintiff from his apartment.

102.    That Plaintiff has been severely traumatized by this incident.

103.    That Plaintiff has suffered damage and injury, which are continuous and ongoing.

104.    That all actions by defendant **FRIEDMAN** were done under the color law.

105.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore stated.

106.    That by reason of the foregoing, Plaintiff demands judgment for violation of his constitutional rights in the sum of one million ($1,000,000) dollars.

### AS AND FOR A FIFTH CAUSE OF ACTION: USC 1983 VIOLATION

107.    Plaintiff re-alleges, reiterates and repeats each and every allegation contained in the above paragraphs with the same force and effect as if more fully and at length set forth in each of the subsequent causes of action.

108.    As a direct and proximate result of defendants' actions, Plaintiff has suffered and continues to suffer damages and injuries, which are continuous and ongoing.

109.    That the false criminal arrest of the plaintiff and plaintiff's wrongful imprisonment, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

16

110.     That as a direct and proximate results of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, injury to reputation, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

111.     That as a direct and proximate result of defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City and State of New York.

112.     That Defendant **CITY**, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police, including defendants in this case, to engage in unlawful conduct.

113.     That the actions of defendants, acting under color of State law, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process and to due process.

114.     That by these actions, defendants have deprived the Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

115.     That the defendants **CITY** and **NYPD**, by their agent officers involved in this incident – defendant **JACKSON** and other unknown officers, did not have probable cause to approach the apartment of the Plaintiff.

116.     That the defendants **CITY** and **NYPD** by their agent officers involved in this incident – defendant **JACKSON** and other unknown officers, did not have probable cause to search the

17

person of the Plaintiff.

117.    That the defendants **CITY** and **NYPD** by their agent officers involved in this incident – defendant **JACKSON** and other unknown officers, did not have probable cause to search the apartment or person of the Plaintiff.

118.    That the defendants **CITY** and **NYPD** by their agent officers involved in this incident – defendant **JACKSON** and other unknown officers, did not have probable cause to seize Plaintiff or personal item belonging to the Plaintiff from his apartment.

119.    That Plaintiff has been severely traumatized by this incident.

120.    That Plaintiff has suffered damage and injury, which are continuous and ongoing.

121.    That Plaintiff suffered loss of employment opportunities as a result of these actions.

122.    That all actions by defendant **CITY** and **NYPD** and **USA**, by their agents, were done under the color of state law.

123.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore stated.

124.    That by reason of the foregoing, Plaintiff demands judgment for violation of his constitutional rights as under 42 U.S.C. Section 1983 against Defendants **CITY**, **NYPD**, **JACKSON** and **JOHN DOE** police officers in the amount of one million ($1,000,000) dollars.


**AS AND FOR A SIXTH CAUSE OF ACTION: ASSAULT AND BATTERY**

125.    Plaintiff re-alleges, reiterates and repeats each and every allegation contained in the above paragraphs with the same force and effect as if more fully and at length set forth in each of the subsequent causes of action.

126.    In physically assaulting, handcuffing, threatening, intimidating Plaintiff the Defendants Officers, acting in their capacities as NYPD officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiffs.

127.    Defendants, their agents, officers, servants, and employees were responsible for Plaintiff's assault and illegal arrest, and battery.  Defendant **CITY**, as employer of each of the Officers Defendants, is responsible for their wrongdoing under the Doctrine of **respondeat superior**.

128.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore stated.

129.    That by reason of the foregoing, Plaintiff demands judgment for assault and battery against Defendants **CITY**, **NYPD**, **JACKSON** and **JOHN DOE** police officers in the amount of one million ($1,000,000) dollars.

## AS AND FOR A SEVENTH CAUSE OF ACTION: FALSE ARREST/FALSE IMPRISONMENT

130.    Plaintiff re-alleges, reiterates and repeats each and every allegation contained in the above paragraphs with the same force and effect as if more fully and at length set forth in each of the subsequent causes of action.

131.    The Defendants Officers caused the Plaintiff to be wrongfully and illegally detained, imprisoned and be prosecuted.

132.    The wrongful arrest, imprisonment and prosecution of the Plaintiff was carried out without Plaintiff's consent, and without probable cause or reasonable suspicion.

133.    At all relevant times, the Defendants acted forcibly in apprehending, detaining and

imprisoning the Plaintiff.

134.   During this period, the P1aintiff was unlawfully and wrongfully assaulted, harassed, detained, prosecuted and threatened.

135.   Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of his liberty, and imprisoned.

136.   All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

137.   Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's detention and imprisonment during this period of time.  Defendant **CITY** and defendant **NYPD**, as employer of the Defendants, is responsible for their wrongdoing under the doctrine of **respondeat superior**.

138.   The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

139.   As a direct and proximate result of the misconduct, abuse and prosecution detailed above, plaintiffs sustained the damages hereinbefore stated, loss of employment opportunities and suffered harm to his reputation.

140.   That by reason of the foregoing, Plaintiff demands judgment for assault and battery against Defendants **CITY**, **NYPD**, **JACKSON** and **JOHN DOE** police officers in a on one million ($1,000,000) dollars.

## AS AND FOR AN EIGHTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

141.    Plaintiff re-alleges, reiterates and repeats each and every allegation contained in the above paragraphs with the same force and effect as if more fully and at length set forth in each of the subsequent causes of action.

142.    The Defendants engaged in extreme and outrageous conduct intentionally and recklessly causing severe emotional distress to plaintiffs.

143.    Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention prosecution, and imprisonment by the Defendants.

144.    Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants.   Defendant **CITY** as employer of the Officers and Defendants is responsible for their wrongdoing under the doctrine of **respondeat superior**.

145.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

146.    That by reason of the foregoing, Plaintiff demands judgment for intentional infliction of emotional distress against Defendants **CITY**, **NYPD**, **JACKSON** and **JOHN DOE** police officers in a sum to be determined at trial.

### AS AND FOR A NINTH CAUSE OF ACTION: MALICIOUS PROSECTION

147.    Plaintiff re-alleges, reiterates and repeats each and every allegation contained in the above paragraphs with the same force and effect as if more fully and at length set forth in each of the subsequent causes of action.

148.    The Defendants Officers caused the Plaintiff to be maliciously prosecuted.

149.    That Defendant City and Defendant officers, working in conjunction with members of the Secret Service, did commence a criminal action against Plaintiff.

150.    That the criminal action and prosecution was commenced without probable cause or belief that said action would be successful.

151.    That the criminal action was therefore commenced with malice.

152.    That the criminal action was then disposed in Plaintiff's favor.

153.    All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

154.    Defendants, their officers, agents, servants, and employees were responsible for Plaintiff's detention and imprisonment during this period of time.  Defendant **CITY** and defendant **NYPD**, as employer of the Defendants, is responsible for their wrongdoing under the doctrine of **respondeat superior**.

155.    The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiffs.

156.    As a direct and proximate result of the misconduct, abuse and prosecution detailed

22

above, plaintiff's sustained the damages hereinbefore stated and was imprisoned for a period of more than three months.

157.    That by reason of the foregoing, Plaintiff demands judgment for malicious prosecution against Defendants **CITY**, **NYPD**, **JACKSON** and **JOHN DOE** police officers in the sum of one million ($1,000,000) dollars.

## DEMAND FOR TRIAL BY JURY

158.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully request judgment against the Defendants as follows:

A.    On the First Cause of Action, against Defendant USA, compensatory damages in the amount of one million ($1,000,000) dollars against the Defendant USA;

B.    On the Second Cause of Action, against Defendant USA, compensatory damages in the amount of one million ($1,000,000) dollars against the Defendant USA;

C.    On the Third Cause of Action, against Defendant USA, compensatory damages in the amount of one million ($1,000,000) dollars against the Defendant USA;

D.    On the Fifth Cause of Action against the Defendant FRIEDMAN, compensatory damages in the amount of one million ($1,000,000) dollars and punitive damages in an amount of one million ($1,000,000) dollars;

E.      On the Fifth Cause of Action against the State Defendants, compensatory damages in the amount of one million ($1,000,000) dollars and punitive damages in an amount of one million ($1,000,000) dollars as against the individual officers, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

F.      On the Sixth Cause of Action against the State Defendants, compensatory damages in the amount of one million ($1,000,000) dollars and punitive damages in an amount of one million ($1,000,000) dollars as against the individual officers;

G.      On the Seventh Cause of Action against the State Defendants, compensatory damages in the amount of one million ($1,000,000) dollars and punitive damages in an amount of one million ($1,000,000) dollars as against the individual officers;

H.      On the Eighth Cause of Action, against the State Defendants, compensatory damages in the amount of one million ($1,000,000) dollars and punitive damages in an amount of one million ($1,000,000) dollars as against the individual officers;

I.      On the Ninth Cause of Action, against the State Defendants, compensatory damages in the amount of one million ($1,000,000) dollars and punitive damages in an amount of one million ($1,000,000) dollars as against the individual officers; and

J.      Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, New York
      July 2, 2011

                                        Yours, etc.,

                                        *MUSTAPHA NDANUSA* /S/
                                        **Mustapha Ndanusa (MN-0687)**
                                        26 Court Street, Suite 603
                                        Brooklyn, New York 11242
                                        (718) 825-7719
                                        mndanusa@gmail.com